IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER MILTON NELSON,

                Plaintiff,

v.                                                ORDER

CAROLYN W. COLVIN,                          13-cv-513-jdp
Acting Commissioner of Social Security,

                Defendant.

---

On September 17, 2014, the court reversed and remanded the Commissioner's decision denying plaintiff Christopher Milton Nelson's application for disability benefits. Dkt. 27. The court awarded plaintiff's attorney fees in the amount of $6,800 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 34. On remand, after further administrative proceedings, the Commissioner awarded plaintiff $75,829 in past-due DIB benefits and $2,246.70 in past-due SSI benefits.

Now plaintiff's attorney petitions the court for a representative fee award in the amount of $12,718.93, pursuant to 42 U.S.C. § 406(b). Plaintiff signed a contingent fee contract and agreed to allow his attorney to "keep 25% of the past-due benefits if awarded by the court or the EAJA fee, whichever is the higher of the two." Dkt. 37-1. The Commissioner does not oppose the award.

Under 42 U.S.C. § 406(b), the court may award a claimant's attorney a representative fee for his or her work before the court. This section of the Social Security Act provides that "a prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Plaintiff's attorney must demonstrate that within the 25 percent cap, the requested

fee is reasonable. *Id.* at 807, 809; *see also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness.").

When evaluating a representative fee for reasonableness, "the court may consider the character of the representation and the results obtained, reducing an award if . . . the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire*, 873 F.2d at 979, 983).

Here, plaintiff's attorney represents that his team spent 33.4 hours litigating plaintiff's case before this court (10.05 hours in attorney time, 23.35 hours in paralegal and administrative time). Dkt. 37-4. Plaintiff's attorney thoroughly briefed a motion for summary judgment and provided good arguments in support of remand. And plaintiff's attorney obtained favorable results for Mr. Nelson.

The court notes that the contingency fee here is equivalent to an attorney compensation rate of approximately $380 per hour ($12,718.93 for 33.4 hours of work). However, the court will not discount the fee just because it will compensate plaintiff's attorney at a higher than usual hourly rate. Contingent fee agreements often reflect larger hourly rates; contingent fee agreements account for the attorney's risk of non-recovery, and awarding the fee consistent with the parties' agreement incentivizes attorneys to represent

social security claimants. "If courts regularly invalidated reasonable contingency agreements in favor of a lodestar fee, then attorneys would no longer enter into such agreements." *McGuire*, 873 F.2d at 980. For these reasons, district courts across the country have awarded representative fees that reflect varying hourly rates, including $446, $625, $636, and $1500. *Koester*, 482 F. Supp. 2d at 1083 (collecting cases). Because plaintiff's attorney skillfully litigated plaintiff's case, because he obtained favorable results for his client, and because the contingent fee agreement supports the requested award, the court will grant the unopposed petition for the requested attorney fee. *See Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 669 (N.D. Ill. 2004) (awarding the requested representative fee because "it is consistent with the Contract entered into between Petitioner and Plaintiff, it is consistent with the 25% statutory cap for SSA fees, and the Commissioner has no objection to the amount of the SSA award").

One final note: this award requires plaintiff's attorney to return the balance of his previously awarded EAJA fee award to plaintiff. In this case, that is $6,238.32. When an attorney receives fees for the same work under both section 406(b) and the EAJA, the attorney must return the smaller fee to plaintiff; the EAJA fee award "offsets" the section 406(b) award. *Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

ORDER

IT IS ORDERED that plaintiff's attorney's amended unopposed petition for attorney fee pursuant to § 206(b)(1), Dkt. 39, is GRANTED. The court approves the representative fee award of $12,718.93, provided plaintiff's attorney refunds plaintiff $6,238.32.

Entered March 23, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge